# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DWAYNE ALMOND**,

                    Plaintiff,

v.                                       **Case No. 15-cv-568-pp**

**WILLIAM POLLARD, TONY MELI,
LT. SNYDER, BRIAN GREFF,
CO NELSON, CO GOESSER,
CO SWINGEN, NURSE SANDY,
ANN SLINGER, BELINDA SCHRUBBE,
DR. MANLOVE, DR. DAVID BURNETT,
DR. SCOTT HOFTIEZER, JIM GREER,
MARY MUSE, KRIS CHILSEN,
and UNKNOWN, sued as Sergeant of HSU and Nurse Specialist - Doctor,**

                    Defendants.

**DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 7) AND DENYING AS MOOT THE PLAINTIFF'S MOTION FOR "ANSWER" TO HIS SUBMISSIONS IN ANOTHER CASE (DKT. NO. 11)**

      The plaintiff is a *pro se* prisoner. He has filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed *in forma pauperis*.

      Under the Prison Litigation Reform Act (PLRA) of 1996, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), the court must consider prisoner actions dismissed

1

on any of the three enumerated grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated several "strikes": (1) Almond v. Wisconsin, et al., Case No. 06-C-447-C (W.D. Wis.); (2) Almond v. Wisconsin, Case No. 06-C-448-C (W.D. Wis.); (3) Almond v. Wisconsin, Case No. 06-C-449-C (W.D. Wis); and Almond v. Glinski, Case No. 14-CV-1336-pp (E.D. Wis.). Although the plaintiff has more than three strikes, he states in his petition and affidavit in this case that he is "in imminent danger of serious physical injury." Dkt. No. 7 at 2. Thus, the court must determine whether the complaint contains allegations that support the factors of §1915(g)'s imminent danger exception.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under §1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in

2

inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). Section 1915(g) is not used to determine the merits of a claim, however, because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

The complaint caption states that the plaintiff is under imminent danger of serious physical injury. Dkt. No. 1 at 1. The court concludes, however, that the complaint allegations do not support that assertion.

According to the complaint, on April 10, 2015, the plaintiff had an altercation with another inmate during which the inmate stabbed him. Dkt. No. 1 at 3-4. The plaintiff alleges that he hit the inmate many times, causing injuries to the top of the inmate's head and his right leg, and he hit the inmate "long enough and hard enough to sustain a boxing fracture on his [the plaintiff's] right hand." Id. at 4. Both inmates received stitches. Id. The allegations in the complaint focus on the treatment the plaintiff received for his injuries after the altercation, as well as on the guards' alleged excessive force following the incident.

The plaintiff alleges that immediately following the incident, guards strip-searched him, using excessive force by twisting his broken fingers. The plaintiff also alleges that he was denied x-rays immediately after the altercation. A

3

nurse and doctor saw the plaintiff on April 10, 2015, following the incident. The plaintiff alleges that he did not receive adequate treatment for his injury at that time. The plaintiff alleges that guards twisted his fingers when they escorted him to the Health Services Unit on April 13, 2015. On April 16, 2015, the plaintiff was seen at the Waupun Memorial Hospital for his injury where he was given a splint brace for his two broken fingers. The plaintiff alleges that he did not start wearing the brace until April 18, 2015, because prison security staff did not clear it until then. The plaintiff alleges that on April 30, 2015, the nurse specialist and doctor refused to remove his splint to look at his fingers, despite the plaintiff telling them that his fingers had been reinjured due to officers' retaliatory excessive force, hand-cuffing him behind his back, and twisting his already broken fingers. Finally, the plaintiff alleges that the he received the above-described treatment in retaliation for lawsuits he has filed.

The plaintiff attached exhibits to his complaint, which the court adopts into the complaint by reference pursuant to Fed. R. Civ. P. 10(c). The first exhibit (labeled Exhibit #3) is an Interview/Information Request form in which the plaintiff states that he is writing to Dr. Manlove and Ms. Belinda Schrubbe for personally permitting misconduct, deliberate indifference, and disregarding an excessive risk to the plaintiff's health or safety. Dkt. No. 1-1 at 1. The interview request stated that these individuals had withheld the plaintiff's splint brace that the offsite doctor at Waupun Memorial Hospital prescribed on April 16, 2015. Id. at 1-2. In the section of the form marked "Disposition of Request," a staff member wrote:

> Mr. Almond, you were seen 4-10-15, the day of injury. Your hand was put in a bulky splint so your hand was in a position of comfort until x-ray was completed. You were started on Norco for pain. X-ray done 4-14-15. Results showing a fracture. You seen [sic] the orthopedic specialist, who gave you a splint on 4-16-15. Norco was extended 4-17-15 for 2 weeks. The nurse attempt to follow up with you, but you refused to be seen. She tried later and you listen. With the splint on, it really doesn't matter if your wrist in front or back. The splint is on your hand and cuffs are at your waist.

(Dkt. No. 1-1 at 1.)

The allegations described above do not meet §1915(g)'s imminent danger of serious physical injury requirement. The complaint describes an incident that occurred a month prior to the date the plaintiff filed the complaint. The attachments demonstrate that after the plaintiff's altercation with the inmate, he received treatment for his injuries, including seeing prison medical staff, going off-site for treatment at a hospital, and seeing prison medical staff upon return. The plaintiff's conclusory allegation that he has suffered chronic physical punitive abuse is not supported by the allegations in the complaint.

Accordingly, the court holds that the defendant has incurred more than three strikes, and has not demonstrated that he is in imminent danger of serious physical injury. Thus, he must pay the remainder of the filing fee ($399.20) if he wants to proceed with this case.[1] If the plaintiff does not pay the remainder of the filing fee by October 30, 2015, the court will dismiss this case.

The plaintiff also filed a motion in which he requestED that the court rule on motions he filed in another case he has pending before this court, <u>Almond v. Glinski</u>, Case No. 15-cv-365-pp (E.D. Wis). The court advises the

---

[1] The court received the $.80 initial partial filing fee on June 29, 2015.

5

plaintiff that the court will try to promptly issue an order addressing the pending motions in his other case. The court will the plaintiff's motion as moot, however, because it does not relate to this case, and should not have been filed in this case.

The court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 7).

The court **ORDERS** that the plaintiff shall pay the remainder of the filing fee ($399.20) to the Clerk of Court by **November 20, 2015**, or the court will dismiss this case.

The court will mail a copy of this Order to the Warden at Waupun Correctional Institution.

The court **DENIES AS MOOT** the plaintiff's motion for "answer" (Dkt. No. 11).

Dated in Milwaukee this 26th day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge